IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NARRE GILES, Individually; TOMMESHA WALKER-STRIBLING, Individually; BRANDON WALKER, Individually; and NARRE GILES, as Parent and Natural Guardian of C.B. a minor, Individually;<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF PITTSBURGH operating the PITTSBURGH BUREAU OF POLICE; OFFICER JASON BRAUN; OFFICER DEVON CRIPPEN; OFFCIER PHILLIP SZALLA; OFFICER BRANDON LARGE; OFFICER JOSEPH SEABURN; OFFICER JORDAN LOSCAR; and, OFFICERS JOHN DOE,<br><br>    Defendants. | Civil Action No.: 2:22-cv-614 |

**PLAINTIFFS' COMPLAINT**

AND NOW, comes the Plaintiffs, Narre Giles, Brandon Walker, and C.B., a minor by and through his parent and natural guardian Narre Giles, by and through their undersigned counsel, Paul Jubas, Esquire; Paul Jubas Law, P.C., and Max Petrunya, Esquire; Max Petrunya, P.C.; and file the following Complaint in Civil Action.

**PARTIES**

1. Plaintiff Narre Giles (hereinafter referred to as "Plaintiff Ms. Giles") is an adult individual residing at 1209 Franklin Avenue, Apartment 2, Pittsburgh, Allegheny County, Pennsylvania 15221.

1

2. Plaintiff Tommesha Walker-Stribling (hereinafter "Plaintiff Ms. Walker Stribling") is an adult individual residing at 1060 Brushton Avenue, Apartment B, Pittsburgh, Allegheny County, Pennsylvania 15208.

3. Plaintiff Brandon Walker (hereinafter referred to as "Plaintiff Mr. Walker") is an adult individual residing at 1209 Franklin Ave., Apt. 2, Pittsburgh, Allegheny County, Pennsylvania 15221.

4. Plaintiff C.B., a minor, (hereinafter referred to as "Minor Plaintiff") is a minor residing at 1209 Franklin Ave., Apt. 2, Pittsburgh, Allegheny County, Pennsylvania 15221.

5. Plaintiff Narre Giles is the parent and natural guardian of Minor Plaintiff. In addition to her Individual claims, Plaintiff Ms. Giles also brings claims for Minor Plaintiff in her capacity as his parent and natural guardian.

6. Defendant, City of Pittsburgh, (hereinafter referred to as "City" and/or "Pittsburgh"), is a municipality of the Commonwealth of Pennsylvania with its principal officers located at 414 Grant Street, 5th Floor, Room 512, Pittsburgh, Allegheny County, Pennsylvania, 15219. At all times relevant hereto, the City of Pittsburgh was authorized to, and did, operate and maintain the Pittsburgh Bureau of Police (hereinafter referred to as "Pittsburgh Police" and/or "PBP"). At all times relevant hereto, this Defendant acted by and through its duly authorized agents, employees, and/or assigns, who were then and there acting within the scope of their employment, under color of state law and in accordance with customs, policies, and practices of the City of Pittsburgh.

7. Defendant City of Pittsburgh operates the Pittsburgh Bureau of Police, which is a governmental entity organized pursuant to the laws of the Commonwealth of Pennsylvania. The principal office of City of Pittsburgh Bureau of Police is located at 1203 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233. The police officers have jurisdiction on and

adjacent in Allegheny County. The Police Officers of such police force are deployed with various lethal and non-lethal weapons for use in execution of their duties. At all times relevant hereto, Defendant City of Pittsburgh, through the actions of the Pittsburgh Bureau of Police, was acting under color of state law and acted by and through its duly authorized agents, employees, and/or assigns, who were then and there acting within the course and scope of their employment. The performance of their job was done in accordance with the customs, policies, and practices of the city of Pittsburgh and the City of Pittsburgh Bureau of Police.

8. Defendant Jason Braun (hereinafter referred to as "Defendant Braun") is a police officer for the Pittsburgh Bureau of Police. At all times relevant hereto, Defendant Braun was acting under color of state law, within the course and scope of his official duties and in accordance with the customs and/or policies of the City of Pittsburgh. Defendant Braun is sued in his official capacity as a Pittsburgh Police Officer and in his individual capacity.

9. Defendant Devon Crippen (hereinafter referred to as "Defendant Crippen") is a police officer for the Pittsburgh Bureau of Police. At all times relevant hereto, Defendant Crippen was acting under color of state law, within the course and scope of her official duties and in accordance with the customs and/or policies of the City of Pittsburgh. Defendant Crippen is sued in her official capacity as a Pittsburgh Police Officer and in her individual capacity.

10. Defendant Phillip Szalla (hereinafter referred to as "Defendant Szalla") is a police officer for the Pittsburgh Bureau of Police. At all times relevant hereto, Defendant Szalla was acting under color of state law, within the course and scope of his official duties and in accordance with the customs and/or policies of the City of Pittsburgh. Defendant Szalla is sued in his official capacity as a Pittsburgh Police Officer and in his individual capacity.

11. Defendant Brandon Large (hereinafter referred to as "Defendant Large") is a police officer for the Pittsburgh Bureau of Police. At all times relevant hereto, Defendant Large was acting under color of state law, within the course and scope of his official duties and in accordance with the customs and/or policies of the City of Pittsburgh. Defendant Large is sued in his official capacity as a Pittsburgh Police Officer and in his individual capacity.

12. Defendant Joseph Seaburn (hereinafter referred to as "Defendant Seaburn") is a police officer for the Pittsburgh Bureau of Police. At all times relevant hereto, Defendant Seaburn was acting under color of state law, within the course and scope of his official duties and in accordance with the customs and/or policies of the City of Pittsburgh. Defendant Seaburn is sued in his official capacity as a Pittsburgh Police Officer and in his individual capacity.

13. Defendant Jordan Loscar (hereinafter referred to as "Defendant Loscar") is a police officer for the Pittsburgh Bureau of Police. At all times relevant hereto, Defendant Loscar was acting under color of state law, within the course and scope of his official duties and in accordance with the customs and/or policies of the City of Pittsburgh. Defendant Loscar is sued in his official capacity as a Pittsburgh Police Officer and in his individual capacity.

14. Defendant Officers John Doe are individuals working for the Defendant City of Pittsburgh Police Force who cannot at this time be identified by name based on the information in Plaintiffs' possession. These individuals participated in the events forming the basis of Plaintiffs' Complaint and were acting under color of state law, within the course and scope of their official duties in accordance with the customs and/or policies of the City of Pittsburgh. Defendant Doe is sued in their official capacity as a Pittsburgh Police Officer and in their individual capacity.

**JURISDICTION AND VENUE**

15. Plaintiffs seek relief pursuant to violations of Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. § 1983, including compensatory damages, punitive damages, costs, attorneys' fees, and any other damages this Honorable Court determines necessary to compensate Plaintiff for injuries for which this suit was brought.

16. This Honorable Court has federal question jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983. Plaintiff's state law claims are related to these federal claims and form a part of the same case or controversy. This Honorable Court accordingly has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a).

17. Venue is proper in this Court because the events described herein occurred in Pittsburgh, Pennsylvania, Allegheny County, located in the Western District of Pennsylvania.

**FACTS COMMON TO ALL CAUSES OF ACTION**

18. Plaintiff Narre Giles is the mother of Plaintiffs Brandon Walker and Tommesha Walker-Stribling as well as Minor Plaintiff C.B.

19. On May 25, 2020, at approximately 2:00 a.m., Plaintiff Tommesha Walker-Stribling, a 20-year-old, pregnant woman, was physically accosted by the father of her child at the approximate location of Collier and Idlewild Streets, in the City of Pittsburgh. Ms. Walker-Stribling called 911 to report the assault, then she called her mother to come pick her up.

20. Plaintiff Ms. Giles received the panicked phone call from her pregnant daughter, then immediately alerted her teenage sons, Plaintiff Mr. Walker (17 years-old at time of incident) and Minor Plaintiff (16 years-old at time of incident). Plaintiffs then drove to the approximate

5

location. Upon arrival they found Plaintiff Ms. Walker-Stribling running down the street. Plaintiff Mr. Walker and Minor Plaintiff jumped out of the car and began running after their sister. Plaintiff Ms. Giles parked the car and began making her way after her three children.

21. Defendant Pittsburgh Police Officers Devon Crippen and Jason Braun were on proactive patrol of Pittsburgh's Homewood neighborhood. Upon reaching the location of Collier and Idlewild Streets, they came upon Plaintiff Mr. Walker and Minor Plaintiff, who were running down the street after Plaintiff Ms. Walker-Stribling. Defendant Officers Crippen and Braun circled around, returning to encounter Plaintiffs, who had stopped running. No crimes had been committed by Plaintiffs.

22. Defendant Officers Braun and Crippen parked and exited their vehicle, then began commanding Plaintiff Mr. Walker to come to the officers and show them his hands.

23. As Defendant Officers Braun and Crippen closed in on Plaintiff Mr. Walker and Minor Plaintiff, Plaintiff Ms. Giles inserted herself between Defendant Officers and her Plaintiff sons, who were both minors at the time. Plaintiff Ms. Giles did this to protect her children.

24. Defendant Braun continued commanding Plaintiffs as Defendant Officers closed in on them. Plaintiff Ms. Giles told Defendant Officer Braun numerous times that, "[Y]ou're going to have to shoot me!"; "[H]e's only 17!"; and "[H]e's my son!" Defendant Braun replied with, "You're all going to get detained!" Throughout this time, Plaintiff Ms. Walker-Stribling was attempting to inform the Defendant Officers, that she was the person that called the police, and that these three individuals were her family.

25. Defendant Officers Braun and Crippen then attempted to detain Plaintiff Ms. Giles while she was trying to protect her son Plaintiff Mr. Walker, which caused a struggle. Defendant Braun struck Plaintiff Ms. Giles in the face with closed-fist strikes.

6

26. Defendant Crippen than pepper sprayed Plaintiffs, including Plaintiff Ms. Stribling-Walker, who was pregnant and who was continually trying to inform Defendant Officers that she was the one that called the police and that Defendant Officers were attacking her family.

27. Plaintiff Ms. Giles walked to the sidewalk with her hands at her side. Defendant Crippen and Plaintiff Ms. Giles then stood on the sidewalk in a neutral manner.

28. Numerous citizens from the neighborhood were trying to verbally intervene to prevent Defendant Officers from attacking Plaintiffs. Defendant Braun began pepper spraying Plaintiff Mr. Walker and Minor Plaintiff, which caused an uproar with the citizens watching from their lawns. In response, Plaintiff Ms. Giles then ran from the sidewalk in that direction to try to protect her Plaintiff sons. All parties then disengaged. All three Plaintiffs were then standing on the street in a non-threatening manner, with their hands covering their faces in pain in disorientation from the pepper spray.

29. Plaintiff Mr. Walker, disoriented and in pain, stood to the side of the road in a non-threatening manner with his hands on his hips. Defendant Officer Braun then pulled out his baton and attacked Plaintiff Mr. Walker, delivering numerous baton-strikes to various parts of Plaintiff Mr. Walker's body.

30. Defendant Braun discarded his Body Worn Camera as he began striking Plaintiff Mr. Walker with his baton. Defendant Braun then took Plaintiff Mr. Walker to the ground, at which point other officers handcuffed Mr. Walker, who was taken to a patrol car.

31. Plaintiff Ms. Stribling-Walker throughout the entire incident continually attempted to inform Defendant Officers that she was the person that called the police, and that Defendant Officers were attacking the wrong people.

32. Numerous Officers took Plaintiff Ms. Giles to the ground. Defendant Officer Braun drive stunned Plaintiff Ms. Giles as Defendant Crippen assaulted her with a baton.

33. Defendants Officers Szalla and Large were also on top of Plaintiff Ms. Giles as she was on the ground.

34. Hearing his mother's agonizing screams, Minor Plaintiff, who was already disoriented from pepper spray, screamed, "Get off of my mom!" and tried to grab his mother's arm while telling Defendant Officers to stop touching her. Defendant Officers Szalla and Large then attacked Minor Plaintiff, taking him to the ground.

35. With three officers on top of Minor Plaintiff, Defendant Szalla delivered a closed-fist strike to Minor Plaintiff's face. Defendant Officers continued to yell, "Get your hands behind your back!", even though their weight and his positioning prevented Minor Plaintiff from doing being able to "comply" with the officer's orders.

36. Defendant Officer Large also struck Minor Plaintiff numerous times with closed-fist strikes. Individuals in the yard immediately adjacent to the incident yelled, "They weren't resisting nothing!", and "He's 16!!"

37. Plaintiff Mr. Walker and Minor as juveniles were charged with Aggravated Assault, Resisting Arrest, and Obstruction of Administration of Justice. Plaintiff Mr. Walker and Minor Plaintiff were acquitted of all charges.

## COUNT I

### 42 U.S.C. §1983 – Fourth and Fourteenth Amendment Violations

### All Plaintiffs v. All Individual Defendants

38. All of the paragraphs above are incorporated herein by reference.

39. At all times relevant hereto, each Defendant was a state actor and/or was acting under

8

color of state law for 42 U.S.C. §1983 purposes.

40. At all times relevant hereto, it was the practice, policy, and/or custom of the Defendants, including the individual Defendant officers noted herein, to engage in excessive force, unlawful arrest, improper training, inadequate hiring, negligent retention, and/or unconstitutional and unreasonable search, seizure, and abusive practices.

41. The actions of all Defendants in this matter related to the incident on May 25, 2020 involving the Plaintiffs constitute violations of Plaintiffs' Civil and Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitutions. Said rights include the right to be free abusive, arbitrary, and capricious governmental action. These rights are enforceable via 42 U.S.C. § 1983.

42. As a direct and proximate result of the violations of Plaintiffs' Civil and Constitutional rights by Defendants, Plaintiffs suffered a loss of their liberty and freedom, damage to their residence, bodily injury and immediate and ongoing pain and suffering, mental anguish. The injuries suffered by Plaintiffs are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully request this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT II

### 42 U.S.C. § 1983 – Excessive Use of Force by Individual Defendants

43. Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

44. The force used by Defendants against all Plaintiffs during the course of their arrests

was objectively inhumane and unnecessary, and constituted the unreasonable use of excessive force in violation of Plaintiffs' clearly established Constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

45. Defendants used unreasonable and excessive force against Plaintiffs when, with a depraved indifference to human life and conscious disregard for their safety and the safety of the general public, violently grabbed Plaintiffs, kicked, punched, and shoved Plaintiffs, choked Plaintiffs, pepper-sprayed Plaintiffs, and pointed weapons at Plaintiffs.

46. Defendants committed the acts described herein in a gross disregard of Plaintiffs' Constitutional rights while acting under color of state law, and specifically deprived Plaintiffs of their Constitutional right to be free from excessive police force under the Fourth Amendment.

47. At no time during this interaction with Defendants did Plaintiffs pose any threat of violence to any Defendants or to the general public.

48. As a result of Defendants' outrageous conduct, Plaintiffs suffered physical and mental injuries.

49. As a direct and proximate result of the excessive and unnecessary force used by Defendants, Plaintiffs suffered loss of their liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish. The injuries suffered by Plaintiffs are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT III

### 42 U.S.C. § 1983 – Failure to Intervene Against All Individual Defendants

50. Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

51. All individual Defendants are police officers acting under color of state law.

52. The individual Defendants, as police officers working with on May 25, 2020, had a duty to intervene to prevent their fellow officers from using excessive force against the Plaintiffs.

53. All individual Defendants had a reasonable opportunity to intervene given their proximity to the excessive force taking place and being perpetrated against Plaintiffs.

54. Defendants failed to intervene or take any action to prevent Defendants from using excessive force, wrongfully detaining, and ultimately injuring the Plaintiffs.

55. Furthermore, Defendants failed to intervene when the Civil and Constitutional rights of the Plaintiffs with an abuse of process and malicious prosecution.

56. As a direct and proximate result of the conduct of Defendants, Plaintiffs suffered loss of their liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for their treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT IV

### 41 U.S.C. § 1983 – *Monell* Claim against Defendant City of Pittsburgh

57. Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

58. Defendant City of Pittsburgh, through the actions of the Pittsburgh Bureau of Police, is subject to liability when its employees cause constitutional violations pursuant to a municipal policy or custom.

59. Defendant City of Pittsburgh, through the actions of the Pittsburgh Bureau of Police, violated the Plaintiffs' Fourth Amendment rights by failing to train its officers to reasonably respond to non-threatening individuals like Plaintiffs and failing to provide adequate training as it relates to traffic stops, pursuit, de-escalation, excessive force, abuse of process, malicious prosecution, discrimination, and engaging in appropriate behavior and conduct which is becoming of a police officer acting under color of state law.

60. Defendant City of Pittsburgh, through the actions of the Pittsburgh Bureau of Police, violated the Plaintiffs' Fourth Amendment rights by engaging, as a custom, policy, and practice, in behavior that caused Constitutional violations to individuals like Plaintiffs by inappropriately responding to traffic stops, non-threatening situations with excessive, unreasonable, and unnecessary force, and discriminatory conduct towards Plaintiffs by removing Plaintiffs'

61. These Constitutional violations were caused by Defendant City of Pittsburgh's lack of training and supervision in regards to officers having the ability, knowledge, skills, and training to interact with non-threatening individuals like Plaintiff without causing physical harm.

62. Furthermore, as a custom and policy, failed to provide adequate training, supervision, monitoring, or policies as a custom and practice to ensure that police officers did not engage in Constitutional violations and deprivations as Defendants did in this matter.

63. Defendant City of Pittsburgh, by and through its organization of the Pittsburgh Police and through the actions of the individual Defendants, knew or should have known that Plaintiffs were non-threatening, and they should have known that any use of force was objectively unreasonable and unnecessary in light of the totality of the circumstances.

64. The force used by Defendant against Plaintiffs during their arrest was objectively inhumane and unnecessary. The actions of Defendant Pittsburgh Bureau of Police constituted the unreasonable and excessive use of force, in violation of the Plaintiff's clearly established Constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

65. At no time Plaintiffs were not a threat of any danger or violence to the officers or anyone in the community.

66. Zone 5 of the Pittsburgh Bureau of Police has a custom, policy, or practice of evidence spoliation in connection with their Body Worn Cameras.

67. Specifically, throughout this incident, Zone 5 of the Pittsburgh Bureau of Police had in force a policy, practice, or custom of discarding their Body Worn Cameras (BWCs) at the moment they commenced the use of force, which prevents their true actions from being recorded. This custom, policy, or practice has the effect of preventing evidence from being available to the Courts that will hear these cases. This custom, policy, or practice occurs in cases in which Pittsburgh Bureau of Police Officers know or should know that litigation will ensue.

68. An accompanying custom, pattern, or practice employed by the PBP is for its officers to yell such things as, "Give me your hands!"; "Stop resisting!"; and other similar commands in an effort to make it sound as though the arrestee is resisting arrest, assaulting officers, or is not complying. These verbal misrepresentations are regularly contradicted by video evidence, as they were in this case.

69. The intended effect of the above customs, policies, or practices is to deprive the Courts of crucial video evidence depicting the use of force, and to insert a fabricated account of the events for the Courts to consider instead.

70. As a direct and proximate result of the conduct of Defendants, Plaintiffs suffered loss of their liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiffs are ongoing and will continue indefinitely.

71. Furthermore, Defendants were acting in accordance with custom and practice of Defendant Pittsburgh Bureau of Police which failed to train Defendants and failed to provide adequate policies, procedures, training, monitoring, and supervision to prevent Constitutional violations from occurring.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT V

### State Law Battery Claims Against Individual Defendants

72. Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

73. Defendants' actions against Plaintiffs, when they used excessive force and arrested Plaintiffs without probable cause, constituted an intentional, unwelcome, and unprivileged touching of Plaintiffs, and was undertaken in bad faith and with actual malice.

74. As a direct and proximate result of the conduct described above, Plaintiffs suffered

loss of their liberty and freedom, bodily injury and immediate and ongoing pain and suffering, mental anguish, and medical expenses for her treatment and care. The injuries suffered by Plaintiff are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT VI

**42 U.S.C. § 1983 – False Arrest/False Imprisonment Against All Individual Defendants**

77    Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

78    As set forth above, through their direct actions, the Defendants caused false arrest and false imprisonment of Plaintiffs.

79    In an effort to attempt to cover up their illegal and unconstitutional actions, including excessive force, unlawful detention, unwarranted search and seizure, and improper handling of this incident, the Defendants exaggerated and/or misrepresented the facts of this incident and brought unfounded claims and charges against Plaintiffs.

80    The actions of the Defendants were taken without lawful authority and with malice. The actions of the Defendants thus constitute false arrest and false imprisonment.

81    As a direct and proximate result of the conduct described above, Plaintiffs suffered loss of their liberty and freedom, bodily injury, and immediate and ongoing pain and suffering, mental anguish, and expenses for their injuries, treatment, care, and damages. The injuries suffered

by Plaintiffs are ongoing and will continue indefinitely.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

## COUNT VII

### Malicious Prosecution Against All Individual Defendants

82  Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

83  Defendants wrongfully caused criminal proceedings to be instituted against Plaintiffs with malice and absence of probable cause in an effort to conceal their wrongful and unconstitutional conduct in violating Plaintiffs Civil and Constitutional Rights during the conduct pled above.

84  Defendants, individually and collectively, submitted police reports to prosecuting authorities containing false statements and/or material omissions, which reports were relied upon by prosecuting authorities.

85  The criminal proceedings terminated in favor of Plaintiffs and all charges were withdrawn against Plaintiffs.

86  The actions of the Defendants constitute malicious prosecution under the laws of the Commonwealth of Pennsylvania.

87  As a direct and proximate result of these violations of Plaintiffs' Civil and Constitutional Rights, Plaintiffs suffered injuries and damages as previously set forth.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

### COUNT VIII

### Abuse of Process Against All Defendants

88  Plaintiffs incorporate all previous paragraphs of their Complaint herein by reference.

89  The Defendants used legal process against Plaintiffs without justification in an effort to cover-up their violations of Plaintiffs' rights which led to the injuries detailed throughout this Complaint.

90  Defendants primary purpose for arresting Plaintiffs was for an unconstitutional purpose and outside the scope of the law, which caused significant harm and injuries to Plaintiffs.

91  The misrepresentations and omissions in the information provided to the authorities were provided so that criminal charges could be brought against Plaintiffs, however, these charges were not pursued and ultimately terminated in Plaintiffs' favor.

92  The actions of the Defendants constitute abuse of process under the laws of the Commonwealth of Pennsylvania.

93  As a direct and proximate result of these violations of Plaintiffs' Civil and Constitutional Rights, Plaintiffs suffered the injuries and damages as previously set forth.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court provide relief in the form of compensatory damages in excess of the jurisdictional limits, economic damages for all

costs associated with the injuries sustained by Plaintiffs, punitive damages, reasonable attorney's fees and costs of suit, and any other relief which this Honorable Court deems necessary and appropriate to award to Plaintiffs in recovery for which this suit was brought.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court:

(a) Declare that the actions of the Defendants constituted violations of the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983;

(b) Judgment in Plaintiff's favor to all claims for relief;

(c) Award compensatory damages for the injuries sustained by Plaintiffs due to the Defendants' conduct for all economic and non-economic damages Plaintiffs have, and will continue to, sustain, including, but not limited to, damages for medical treatment, future medical treatment, pain, suffering, embarrassment, humiliation, mental anguish, and loss of enjoyment of life's pleasures;

(d) Award punitive and exemplary damages, pre-judgment interest, post-judgment interest, costs, and other reasonable expenses incurred as a result of maintaining this action, including reasonable attorneys' fees and costs; and,

(e) All other relief provided by law and in equity to which Plaintiffs are entitled and that this Honorable Court deems equitable, just, and proper to award Plaintiff for which this suit was brought.

PLAINTIFFS REQUESTS A TRIAL BY JURY

Respectfully submitted,

| | |
|---|---|
| PAUL JUBAS LAW | MAX PETRUNYA, P.C. |
| */s/ Paul Jubas* | */s/ Max Petrunya* |
| Paul R. Jubas, Esquire | Max Petrunya, Esquire |
| Pa. ID No. 311832 | Pa. ID No. 309122 |
| P.O. Box 10704 | 5 Bayard Rd., Unit 917 |
| Pittsburgh, PA 15203 | Pittsburgh, PA 15213 |
| (412) 230-0023 | (412) 720-3497 |
| pjubasesq@gmail.com | maxpetrunyapc.@gmail.com |

19